

**VIA ECF**
Hon. Brian Cogan
United States District Judge
United States Courthouse
Eastern District of NY

September 19, 2020

Your Honor,

      This firm represents Plaintiff Carlos Chom ("Plaintiff") in the above-referenced matter. Plaintiff writes jointly with Defendant to request that the Court approve the settlement agreement ("the Agreement") reached by the parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The Agreement and the Confession of Judgment are attached hereto as Exhibit A.

Consistent with the Court's Order of September 15, 2020, the purpose of this letter is two-fold. First, the letter will provide further support for the fair and reasonable settlement sum $12,649.50. Second, the letter will provide the Court with the requested information regarding the attorneys' fees so that the Court can determine whether the requested fee award of $4,766.50 is appropriate.

Accordingly, the parties respectfully request that the Court approve the proposed settlement. and Defendants have considered that the interests of all concerned are best served by compromise, settlement and dismissal of these claims with prejudice, in exchange for consideration as set forth in the Agreement.


                /s/Lina Stillman

Hon. Brian Cogan
Eastern District of New York
September 21, 2020
Page 2

## I.     Statement of the Case

This is an action for money damages originally brought by Plaintiff Carlos Chom.  On March 29, 2020 Plaintiff filed the original Complaint in this action, alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and violations of the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"). Specifically, Plaintiff was employed by Defendants as a kitchen helper and busboy in Defendant's restaurant – Parksanbal Babs.

Plaintiff alleges Defendants and Defendants admitted having engaged in a wide variety of FLSA and NYLL violations, including failure to pay his appropriate overtime and violation of the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. §195). Defendants were not able to provide proof that the notice or record keeping requirements were met.

In a good faith effort to resolve this case amicably, the parties then negotiated and came to an agreement with regards to an appropriate amount of compensation to settle the wage and hour claims, including back wages, liquidated damages, and interest, which amounts are set forth in the Agreement.

## II.    The Proposed Settlement is Fair and Reasonable

Under the settlement, Defendants will pay $12,649.50 to settle all the claims.  Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Plaintiff estimates that his damages if he were fully successful on all of his arguments at trial are $29,140.00 including liquidated damages and excluding attorney's fees and costs. Of this total amount, $13,020 represents Plaintiff's actual damages.

Despite Plaintiff's belief that he could obtain more money in this matter, Plaintiff ultimately chose the certainty of an agreed-upon settlement, which also allowed him to avoid the uncertainties of trial.

The total settlement amount of $12,649.50 will be distributed in accordance with the enclosed Settlement Agreement.

Hon. Brian Cogan
Eastern District of New York
September 21, 2020
Page 3

### III. Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, Plaintiff's counsel will receive $4,216.50 from the settlement fund as attorneys' fees, plus costs of $550, for a total of $4,766.50. The attorneys' fees represent one third (33.33%) of the settlement fund and constitutes the number reflected in the Plaintiff's retainer agreement.

We respectfully ask that the Court recognize that Plaintiff's counsel has spent a significant amount of time and resources to advocate for her client and at the same time come to an agreement with Defendants.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff's attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given plaintiff's counsel's significant experience representing plaintiffs in the New York City in wage and hour litigation, counsel was able to obtain a good result with relatively low time and expense. A brief biography of the attorney who performed billed work in this matter is as follows:

    a. Lina F. Stillman is the Managing Attorney of Stillman Legal, P.C, and has been practicing law since 2012. She has practiced exclusively in the areas of Labor and Employment with an emphasis on wage and hour litigation. In 2015, she opened a law firm in response to the immigrant community need for Spanish Speaking attorneys to care for their interests exclusively. She is fluent in Spanish, Portuguese and Italian and is an active member of the New York City Bar Association and the New York Chapter of the National Employment Lawyers Association.

Hon. Brian Cogan
Eastern District of New York
September 21, 2020
Page 4

**<u>Conclusion</u>**

Plaintiff has been represented by counsel throughout this lawsuit, and Plaintiff's counsel has agreed to the settlement amount based on the express approval and desire of her client.

Plaintiff's interests have thus been adequately safeguarded. Additionally, dismissal of this action will not prejudice anyone other than the named Plaintiff; no other employees of Defendants have come forward indicating that they have claims against Defendants, nor would they be prejudiced by dismissal of this lawsuit, in the event that other such employees exist.

In full consideration of all the issues, we believe that the parties' Negotiated Settlement Agreement is fair and reasonable, and that the settlement should be approved. A copy of the parties' Negotiated Settlement Agreement is submitted herewith.

        Respectfully submitted,

        <u>/s/Lina Stillman</u>
        STILLMAN LEGAL, PC
        Attorneys for the Plaintiff