UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

CARLOS CHOM, *individually and on behalf of others similarly situation*

    *Plaintiff,*

PARK SAN BAL INC (DBA PARKSANBAL BABS) and CHIN S. CHOE (INDIVIDUALLY)

    *Defendants.*

SETTLEMENT AGREEMENT
CHOM v. PARK SAN BAL INC
et al Index No. 1:20-cv-01595-BMC

-----------------------------------------------------------------X

## NEGOTIATED SETTLEMENT AGREEMENT

WHEREAS, the Plaintiff Carlos Chom ( "Plaintiff"), and PARK SAN BAL INC (DBA PARKSANBAL BABS) ("ParkSanBal"), and Chin S. Choe ("Choe") (collectively, "Defendants"), desire to resolve, settle and agree to dismiss with prejudice any and all claims which Plaintiff has made in or by Complaint ("Complaint") in the above-captioned action pending in U.S. District Court for the Eastern District of New York, Index No 1:20-cv-01595-BMC (the "Lawsuit"), without further litigation or adjudication;

WHEREAS, Plaintiff and Defendants understand and agree that Defendants deny each and every allegation of liability and/or wrongdoing, including, but not limited to, the allegations and statements contained in pleadings in the Lawsuit and any other matter or thing whatsoever;

WHEREAS, a dispute exists as to Plaintiff's claims for alleged unpaid overtime wages;

WHEREAS, Plaintiff and Defendants understand and agree that neither the making of this Negotiated Settlement Agreement ("Agreement") nor anything contained herein shall be construed or considered in any way to be an admission by Defendants or any other person or entity of guilt or noncompliance with any federal, state or local statute, order,

regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, Plaintiff's alleged employer's policies, practices, benefit plans, compensation plans or procedures, or of any other wrongdoing whatsoever; and,

WHEREAS, the Lawsuit shall be dismissed in its entirety and with prejudice by the Court pursuant to the Stipulation and Order of Dismissal with Prejudice that shall be executed by counsels for Plaintiff and Defendants, as set forth below:

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES THAT:

1. Definition of Parties.

(a) "Releasors" shall be defined to include the Plaintiff in this Lawsuit for themselves and on behalf of any of their respective present or former spouse(s), dependents, heirs, assigns, lien holders, fiduciaries, successors, creditors, debtors, and counsel; and,

(b) "Releasees" shall be defined to include Defendants herein, and the current and former employees of any such entity, and any otherwise related persons or entities who Plaintiff claims or may claim employed them within the meaning of the Fair Labor Standards Act ("FLSA") or the New York Labor Law ("NYLL") at any time during their employment with PARK SAN BAL.

2. Plaintiff's Commitments. In exchange for the promises set forth in paragraph "3" below, Plaintiff's agree as follows:

(a) Plaintiff will sign this Agreement, and they authorize their attorneys to execute the Stipulation And Order Of Dismissal With Prejudice attached hereto as Exhibit A;

(b) After consultation with counsel, Plaintiff knowingly and voluntarily releases and forever discharges Defendants and all other Releasees of and from any and all claims of any kind arising under the Fair Labor Standards Act, the New York Labor Law, or any other right to wages, known or unknown, that he has or may have based upon any conduct occurring up to and including the date each Plaintiff executes this Agreement;

(c) Plaintiff understands and agrees that the Settlement Amount (described in Paragraph "3" below) is in full satisfaction, and in excess, of any and all obligations Defendants

or Releasees may have with respect to Plaintiff's claims for alleged unpaid wages, unpaid overtime, failure to provide any required statements, discrimination, retaliation, liquidated damages, interest and attorneys' fees under the wage and hour provisions of the New York State Labor Law, the Fair Labor Standards Act, and/or any other applicable wage hour and wage payment laws, rules or regulations for anything that has occurred up to the date each Plaintiff executes this Agreement (collectively referred to as "Wage Claims");

(e) Plaintiff releases, waives, acquits and forever discharges Defendants jointly and severally, their predecessors, successors, parents, subsidiaries, assigns, agents, directors, officers, shareholders, employees, representatives, and attorneys ("Released Parties"), from any and all charges, complaints, claims, controversies, demands, rights, disputes, and causes of action, known or unknown, asserted or un-asserted, accrued or not accrued, arising before or existing when this Agreement is executed, which Plaintiff may have or claim to have against any of the Released Parties regarding any matter in connection with his pay, his rate(s) of pay, overtime pay, minimum wage violations, spread of hours, Wage Theft Prevention Act violations, recordkeeping violations, discrimination, and/or any claims of retaliation for having brought or raised any of the foregoing claims and any other claims or allegations made in the Action, as well as any related attorney's fees and/or costs incurred in the prosecution of this litigation, whether claim was made for same or not in the Action.

3. <u>Defendants' Commitments</u>. In exchange for the promises made herein by Plaintiff contained in Paragraph "2" above, and in the other provisions of this Agreement, Defendants agree as follows:

(a) Defendants agree to provide to Plaintiff, through their counsel, the total settlement sum of Twelve Thousand Six Hundred and Forty-Nine Dollars and Fifty Cents ($12,649.50) ("the Settlement Amount") in consideration for and in full satisfaction of all employment related Claims Plaintiff has or may have against Defendants or any other Releasee, whether known or unknown, asserted or unasserted for any act, omission, transaction or occurrence which has taken place up to and including the date of execution of this Agreement.

  **(b)** From the Settlement Amount, Plaintiff's counsel, Stillman Legal P.C., will be paid $4,216.50 plus costs of $450 and $150 for a total of $4,766.50 as payment for attorneys' fees and costs.

  (c) The Settlement Amount shall be paid in twelve installments as detailed below, with the first installment payable within thirty (30) days after the presiding court has approved the dismissal of the Lawsuit with prejudice.

Defendant shall deliver 12 (twelve) **postdated** checks in the amount of $1,054.13 **for deposit on the 1st first day of the month, as follows:**

1) A postdated check in the amount of ONE THOUSAND FIFTY-FOUR DOLLARS and THIRTEEN CENTS each ($1,054.13). One check made payable to "CARLOS CHOM" for immediate deposit within thirty (30) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel.

2) A postdated check in the amount of ONE THOUSAND FIFTY-FOUR DOLLARS and THIRTEEN CENTS each ($1,054.13). One check made payable to "CARLOS CHOM" for immediate deposit within sixty (60) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel.

3) A postdated check in the amount of ONE THOUSAND FIFTY-FOUR DOLLARS and THIRTEEN CENTS each ($1,054.13). One check made payable to CARLOS CHOM" for immediate deposit within ninety (90) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel.

4) A postdated check in the amount of ONE THOUSAND FIFTY-FOUR DOLLARS and THIRTEEN CENTS each ($1,054.13). One check made payable to "CARLOS CHOM" for immediate deposit within one hundred and twenty (120) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel.

5) <u>A postdated check</u> in the amount of ONE THOUSAND FIFTY-FOUR DOLLARS and THIRTEEN CENTS each ($1,054.13). One check made payable to "CARLOS CHOM" for immediate deposit within one hundred and fifty (150) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel.

6) <u>A postdated check</u> in the amount of TWO HUNDRED THREE HUNDRED DOLLARS AND FIFTY CENTS ($233.50) payable to ""CARLOS CHOM" for immediate deposit within one hundred and eighty (180) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel.  <u>A postdated check</u> in the amount of EIGHT HUNDRED TWENTY DOLLARS and SIXTY THREE CENTS ($820.63) made payable to "STILLMAN LEGAL PC" for immediate deposit within one hundred and eighty (180) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel.

7) <u>A postdated check</u> in the amount of ONE THOUSAND FIFTY-FOUR DOLLARS and THIRTEEN CENTS each ($1,054.13). One check made payable to "STILLMAN LEGAL PC" for immediate deposit within Two hundred and ten (210) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel.

8) <u>A postdated check</u> in the amount of ONE THOUSAND FIFTY-FOUR DOLLARS and THIRTEEN CENTS each ($1,054.13). One check made payable to "STILLMAN LEGAL PC" for immediate deposit within two hundred and forty (240) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel.

9) <u>A postdated check</u> in the amount of ONE THOUSAND FIFTY-FOUR DOLLARS and THIRTEEN CENTS each ($1,054.13). One check made payable to "STILLMAN LEGAL PC" for immediate deposit within two hundred and seventy (270) days

after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel.

10) <u>A postdated check</u> in the amount of ONE THOUSAND FIFTY-FOUR DOLLARS and THIRTEEN CENTS each ($1,054.13). One check made payable to "STILLMAN LEGAL PC" for immediate deposit within three hundred (300) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel.

11) <u>A postdated check</u> in the amount of ONE THOUSAND FIFTY-FOUR DOLLARS and THIRTEEN CENTS each ($1,054.13). One check made payable to "STILLMAN LEGAL PC" for immediate deposit within three hundred and thirty (330) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel.

12) <u>A postdated check</u> in the amount of ONE THOUSAND FIFTY-FOUR DOLLARS and THIRTEEN CENTS each ($1,054.13). One check made payable to "STILLMAN LEGAL PC" for immediate deposit within three hundred and sixty (360) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel.

**4.** . Concurrently with the execution of this Agreement, CHIN CHOE shall execute and deliver to Plaintiffs counsel a confession of judgment ("Confession of Judgment") in the form annexed hereto as Exhibits respectively. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiffs attorney and will not be entered and/or filed at any time other than (i) in the event that CHIN CHOE fails to make any of the installment payments as set forth above, and (ii) CHIN CHOE fails to cure such default within ten (10) business days of receipt of written notice (to be delivered to Defendants by first class mail and email via their counsel, __Sun C Cho__ - Any such Notice of Default shall be deemed received five (5) days after it is mailed. Upon satisfaction of payments detailed in paragraph 3, *supra*, the instant Confession of Judgment shall be deemed null and void by the

parties and Plaintiffs shall not file any claim, dispute, cause of action, law suit, proceeding or complaint in reliance on the null and void Confession of Judgment. Plaintiffs' breach of this provision shall be a material breach of this Agreement.

5. <u>Non-Admission of Wrongdoing.</u>  Plaintiff and Defendants agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed at any time or for any purpose as an admission of any liability, wrongdoing, or unlawful conduct of any kind by Defendants.

(a) If such interpretation or modification is not possible, such provision immediately shall become null and void, leaving the remainder of this Agreement in full force and effect. However, if the release of Employment Claims contained herein is limited or held to be null and void, Defendants shall have the option of terminating this Agreement.

5. Section Headings.  Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

6. Counterparts.  This Agreement may be executed in counterparts, each of which shall be

deemed an original and each of which shall together constitute one and the same agreement. A signed fax or .pdf copy shall, for all purposes, be deemed an original and in full force and effect.

7. <u>Governing Law.</u> This Agreement shall be governed by and construed in accordance with the laws of the State of New York.  Its language shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless as to which party may have drafted the language in question. Any action or proceeding by either of the parties to enforce this Agreement shall be brought in any state court located in the state of Queens County, NY. The parties hereby irrevocably submit to the non-exclusive jurisdiction of these courts and waive the defense of inconvenient forum to the maintenance of any action or proceeding in such venue.

8. Advice of Counsel. Carlos Chom acknowledges that they have had an opportunity to receive advice about the terms and legal effects of the Agreement from counsel of their choosing. Plaintiff and Defendants hereby represent that they have consulted their attorney(s) about the Agreement before signing it. The parties further acknowledge that they have read this Agreement in its entirety, that they have had an opportunity to discuss it with counsel, that they understand its terms, that they are fully

7

competent to enter into it, that they have had a reasonable time within which to consider this Agreement and its terms before signing it.

9.  <u>Voluntary Agreement</u>.  Plaintiff and Defendants agree that they are signing this Agreement of their own free will, without coercion or duress, and voluntarily assent to all the terms and conditions contained herein.

10. <u>Execution</u>.

(a)  The terms of this Agreement are the product of mutual negotiation and compromise between Plaintiff and Defendants.  Plaintiff fully understands that this Agreement generally releases, settles, bars, and waives any and all Employment Claims that he possibly could have against Releasees.  Plaintiff further represents that he is fully satisfied with the advice and counsel provided by his attorneys.

(b)  Upon the complete execution of this Agreement, Plaintiff's counsel and Defendants' counsel shall sign the Stipulation and Order of Dismissal with Prejudice, and Plaintiff's counsel shall prepare and file an application requesting judicial approval of the Parties' settlement as reflected in this Agreement.

(c)  Plaintiff fully understands the terms of this Agreement.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS SET FORTH ABOVE, EACH PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH HIS COUNSEL LINA STILLMAN, ESQ., EACH PLAINTIFF ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASEES.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Negotiated Settlement Agreement as follows:

*BY PLAINTIFF:*



_____
Carlos Chom

August 30, 2020

Date

FOR DEFENDANTS S

*[signature]*

Chin S. Choe

9/15/2020

Date

*[signature]*

Park San Bal Inc

9/15/2020

Date

*[signature]*

Parksanbal Babs

9/15/2020

Date

9

EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

Carlos Chom *individually*

                *Plaintiff,*

Park San Bal Inc (DBA ParkSanbal Babs) and Chin S. Choe (Individually)

*Defendants.*

SETTLEMENT AGREEMENT
CHOM v. PARK SAN BAL INC
et al Index No. 1:20-cv-01595-BMC

-------------------------------------------------------------------X

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Carlos Chom and Park San Bal Inc (DBA Parksanbal Babs) and Chin S. Choe through their undersigned attorneys who state that they have been authorized to enter into this Stipulation, that the Parties have agreed to amicably resolve any and all claims by Plaintiff against Defendants in this action, including claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and have authorized their undersigned counsel to stipulate, consent, and agree to dismiss the instant action with prejudice to Plaintiff. The terms of the Parties' Negotiated Settlement Agreement have been reviewed and approved by the Court. No attorneys' fees or costs will be awarded to any party by the Court, except as provided therein.

2

| | |
|---|---|
| *Attorney for Carlos Chom* | *Attorneys for Park San Bal Inc, Parksanbal Babs, and Chin S. Choe* |
| STILLMAN LEGAL PC<br>42 Broadway, 12th Floor<br>New York, NY 10004 | Sungchan Cho<br>SungChan Cho Attorney at law<br>3571 162nd Street<br>Flushing, NY 11358 |
| By: _____ | By: _____ |
| Dated: _____ | Dated: 9/15/ 2020 |

The Court hereby approves the settlement and dismissal of the instant action with prejudice.

SO ORDERED this ___ day of _____, 2020

_____
United States District Judge

2

EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------X
Carlos Chom, *individually and on behalf of others similarly situated*,

                      *Plaintiff*,

Park San Bal Inc (DBA Parksanbal Babs) and Chin S. Choe (Individually)

------------------------------------------------------------X

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK= )
                     : ss.:
COUNTY OF NEW YORK )

1. CHIN S CHOE, reside in 41-10 162nd Street, 2nd FL Flushing NY 11358

2. My Social Security Number is ▓▓▓▓▓ (REDACTED)

3. Pursuant to the terms of the Settlement Agreement and Release ("Settlement Agreement") by and between Plaintiff Philip Siegel, ("Plaintiff") and Park San Bal Inc (DBA Parksanbal Babs) and Chin S. Choe (Individually)(altogether "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me individually and in favor of Claimant for the sum of Twenty thousand ($20,000) less any payments made under the Settlement Agreement.

4. This affidavit of confession of judgment is for a debt justly due to Claimant under the terms of the Settlement Agreement, which provides that Park San Bal Inc (DBA Parksanbal Babs) and Chin S. Choe (Individually)shall, jointly and severally, cause claimant to be paid a total sum of Twenty Thousand Dollars ($20,000).

5. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of all Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

6. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for Twenty Thousand

Dollars, less any amounts already paid to claimant pursuant to the payment schedule stated in Paragraph 1 of the Settlement Agreement), against me, Chin Choe

_____
Chin Choe

Sworn to before me this
15th day of September 2020

_____
Notary Public

SUNG CHAN CHO
NOTARY PUBLIC, STATE OF NEW YORK
REGISTRATION # 02CH6191892
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES AUGUST 25, 2024